# United States District Court
## DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.   **ORDER OF DETENTION PENDING TRIAL**

IVAN HERNANDEZ     Case Number: 10-20123-03-JWL-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
    - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
    - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: September 22, 2010         s/ David J. Waxse
                                  *Signature of Judicial Officer*

                                  DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                                  *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Ivan Hernandez
Criminal Action 10-20123-03-JWL-DJW

# Part II - Written Statement of Reasons for Detention

There are a series of factors I have to look at to determine whether you should be released or detained.

The first factor is the nature and circumstances of the offense charged, including whether it involves a controlled substance. It clearly does, so that is a negative factor.

The next factor is the weight of the evidence against you. There is a Grand Jury Indictment which is a determination of probable cause, so that is a negative factor.

The next factor is the history and characteristics of the person, including their physical and mental condition. There does not appear to be an issue about your mental condition; however, your physical condition is a problem that sort of cuts both ways on whether you should be released or detained.

Family ties are positive as evidenced by your family here.

The next factor is length of residence in the community. You have reported living in Kansas since 1999 so that would be positive.

The next factor is past conduct, which includes history relating to drug or alcohol abuse. There is no indication of a current problem with drug or alcohol abuse. There is an issue with your prior contacts with law enforcement and your problems with appearances at those proceedings.

The next factor is whether at the time of the current offense or arrest you were on probation, parole, or other release pending trial. It does not appear that you were.

The final factor is the nature and seriousness of the danger to any person in the community that would be posed by your release. I do not see clear and convincing evidence that you are a danger.

2

The problem is your immigration status makes it such that you may, if released, have no ability to avoid immigration not only retaining you, but if they think appropriate deporting you.  This might be a solution you want, but it is not going to get this case over with.

I am going to determine that, based on all the circumstances, there are no conditions that I can set that will ensure your appearance to get this case resolved so you will remain detained.